UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JUN 17 PM 5: 04

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| CYRIL J. ZARA, JR. | * | CIVIL ACTION NO. |
| Complainant | | |
| | * | |
| VERSUS | | SECTION: |
| | * | |
| JACK STRAIN, JR., SHERIFF OF | | **09-3919** |
| PARISH OF ST. TAMMANY, THE | * | |
| PARISH OF ST. TAMMANY, AND | | |
| THE ST. TAMMANY PARISH DEPT. | | |
| OF CORRECTIONS | * | MAGISTRATE **SECT. S MAG. 1** |
| | | |
| Defendants | * | |

## COMPLAINT - JURY TRIAL REQUESTED

NOW INTO COURT, through undersigned counsel, comes complainant, **CYRIL J. ZARA, JR.**, a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, who respectfully represents as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff, a former inmate at the St. Tammany Parish Jail in the Parish of St. Tammany, brings this action against the Parish of St. Tammany and Jack Strain, Jr., Sheriff for the Parish of St. Tammany, for monetary damages to redress his injuries resulting from the defendants' deliberate indifference and negligence.  Plaintiff brings this action under the Eighth Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, for injuries suffered as a result of the defendants' substantial and deliberate indifference to his health and safety.  Plaintiff also states a claim against the defendants for breach of duties imposed upon them by under applicable Louisiana law, including, but not limited to, La.C.C. Art. 2315, *et seq.*  This is a civil action seeking

Fee $350
Process
X Dktd
CtRmDep
Doc. No.

damages against the defendants for committing acts under color of law, and depriving the plaintiff of rights secured by the Constitution and laws of the United States (42 U.S.C. § 1983). Defendants, Parish of St. Tammany and Sheriff Jack Strain, Jr., along with St. Tammany Parish Department of Corrections officials, management and employees were negligent by, without limiting other acts and behaviors: failing to follow its established safety procedures; failing to protect plaintiff from harm; failing to provide necessary and appropriate security measures; failing to provide prompt and adequate medical evaluation and medical care for injuries sustained during incarceration; and failing to provide necessary and appropriate personnel for the safety, welfare and protection of plaintiff, an inmate at the St. Tammany Parish Jail. The defendants deprived the plaintiff's right as guaranteed by the Eighth and Fourteenth Amendments to Constitution of the United States.

2.     The defendants, Parish of St. Tammany, Sheriff Jack Strain, Jr., and Parish of St. Tammany Department of Corrections officials, management and employees violated the plaintiff's constitutional rights and were negligent by, without limited other acts and behaviors: (a) failing to properly screen and segregate inmates known to have acted violently in the past; (b) failing to prepare incident reports or otherwise investigate physical attacks on on plaintiff; (c) failing to provide sufficient staff at the unit where plaintiff was housed; (d) failing to develop and implement a classification system and corresponding housing plan for inmates at the St. Tammany Parish Jail, particularly as it relates to the medical tier of the facility; (e) failing to provide necessary and appropriate personnel for the safety, welfare and protection of the plaintiff; and (f) failure to properly evaluate and provide prompt and adequate medical evaluation and medical care to plaintiff for his injuries. As a consequence

2

of the defendants' actions, plaintiff suffered physical and emotional injuries, emotional distress and deprivation of his constitutional rights.

## JURISDICTION AND VENUE

3.      This action is filed under the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, and under all applicable Louisiana law, including but not limited to La.C.C. Art. 2315, *et seq.*, to redress injuries suffered by the plaintiff at the hands of the defendants.

4.      This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. § 1331 and 1343. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

5.      At all relevant times, the plaintiff, Cyril J. Zara, Jr., was an inmate at the St. Tammany Parish Jail operated Sheriff Jack Strain for and on behalf of the Parish of St. Tammany.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

7.      **Plaintiff, Cyril J. Zara, Jr.**, is a citizen of the United States and at all relevant times was an inmate at the St. Tammany Parish Jail located in the Parish of St. Tammany, State of Louisiana.

8.      **Defendant, Sheriff Jack Strain, Jr.**, at all relevant times, was the duly elected Sheriff of the Parish of St. Tammany. As such, he was the chief executive officer of the Parish of St. Tammany Department of Corrections, including the St. Tammany Parish Jail. As such, defendant and was responsible by law for the training, supervision, and conduct of all officials and employees at the St. Tammany Parish Jail, and also ensuring the health and

3

safety of inmates incarcerated at the St. Tammany Parish Jail. He was also responsible by law for enforcing the regulations of the St. Tammany Parish Sheriff's Office, and for ensuring that St. Tammany Parish Sheriff's Office personnel, including officials and employees of St. Tammany Parish Jail, obey the laws of the State of Louisiana and of the United States. At all relevant times, Sheriff Jack Strain, Jr. was acting in such capacity, under color of law, as the agent, servant, and employee of defendant, Parish of St. Tammany and the Parish of St. Tammany Sheriff's Office. Defendant, Sheriff Jack Strain, Jr., directly or indirectly under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants heretofore described. Sheriff Jack Strain, Jr. is sued in his official capacity.

9.    **Defendant, Parish of St. Tammany**, is a municipal corporation or entity that acts through individuals to establish its polices and that is capable of being sued under Louisiana law. The Parish of St. Tammany is responsible for supervising and operating the Parish of St. Tammany Department of Corrections ("DOC") and ensuring the health and safety of all inmates incarcerated at DOC facilities.

10.   **Defendant, Parish of St. Tammany Department of Corrections**, is the department responsible for the operation of the St. Tammany Parish Jail over which Sheriff Jack Strain, Jr. presided, and was responsible for the training, supervision, and conduct of all officials and employees at the St. Tammany Parish Jail, and also ensuring the health and safety of inmates incarcerated at the St. Tammany Parish Jail.

11.   At all times relevant hereto, and in all of their actions described herein, all defendants were acting under the color of law and pursuant to their authority as prison officials and personnel.

4

## FACTUAL ALLEGATIONS

12.    Plaintiff, Cyril J. Zara, at all relevant times, was an inmate at the St. Tammany Parish Jail, under the care, custody and supervision of Sheriff Jack Strain Jr. and the Parish of St. Tammany Department of Corrections.

13.    Plaintiff was an inmate as a result of a non-violent misdemeanor charge.

14.    Plaintiff, at all relevant times, suffered from diabetes and other medical conditions, which conditions were known by defendants at the time of incarceration and which said conditions severely impacted his health, and which warranted a duty of care during his incarceration, that during said incarceration, defendants subjected plaintiff to conditions that caused or made his health worse.

15.    During incarceration, plaintiff was not being provided adequate amounts of insulin medicine to treat his diabetes, despite defendants' knowledge, as evidenced by hospital records of blood results that showed plaintiff was suffering from insulin deficiency.

16.    Plaintiff was housed in the medical tier or section of the St. Tammany Parish Jail in a dormitory with up to sixty (60) other inmates, all sharing the same living space.

17.    Although plaintiff was a non-violent offender, he was forced to share quarters with both non-violent and violent offenders, with no segregation of any kind between the two groups.

18.    On or about, June 14, 2008, plaintiff was treated at the jail's infirmary for injuries he sustained when a fellow inmate, with whom he shared living quarters, physically attacked him. Infirmary records show that plaintiff was treated for a "bloody nose." Those same medical records confirm that plaintiff reported that the fellow inmate, James Sylve, had "choked" him. The attending nurse noted "red marks" on plaintiff's chest.

5

19.     Infirmary records from June 14, 2008 further show that on that same date, plaintiff reported that the fellow inmate, James Sylve, was "bullying" plaintiff for commissary.

20.     Despite the aforementioned report of "bullying" by plaintiff, inadequate precautions were taken by any officials or employees with the St. Tammany Parish Jail, for the safety and well being of plaintiff, Cyril Zara;

21.     No incident report was prepared or investigation performed by defendants to determine why plaintiff had been attacked and whether additional measures were needed to protect him, or at least no such investigative reports were provided in the records produced by the St. Tammany Parish Sheriff's Office.  Through deliberate indifference for plaintiff's safety and well-being, defendants returned plaintiff to the same housing unit with up to sixty (60) other inmates, including inmates who defendants knew to have violent histories.

22.     On or about June 21, 2008, plaintiff again had to be treated at the medical infirmary after being severely beaten by another inmate whose prison nickname is believed to be "Joe Money."   Infirmary records show that plaintiff was observed to have "moderate purple swelling" under his left eye, "sub-conjunctival hemorrhage" of left side of left eye, and he had sustained a severe blow to the left eye and temple area.

23.     Defendants again failed to follow up with any incident or investigation report into why plaintiff had been attacked or take necessary precaution to protect his well being and safety, or at least no such report was provided in the records produced by the St. Tammany Parish Sheriff's Office.

24.     Infirmary records from June 21, 2008 further show that the only treatment provided to plaintiff was that "several superficial abrasions on head face cleaned + ABI (antibiotic ointment) applied."

6

25.     Despite being seriously injured, defendants failed to have plaintiff undergo a proper medical evaluation of his injuries and failed to provide plaintiff with adequate and prompt medical treatment.

26.     Following the physical attack suffered by plaintiff on or about June 21, 2008, plaintiff was placed in a solitary cell for upwards of six (6) days, and was provided no further medical evaluation or treatment for the severe injuries he sustained on or about June 21, 2008.

27.     After being housed in a solitary cell for up to six (6) days, plaintiff was then moved to another tier of the prison that housed inmates in the general population of the jail, despite his serious medical condition and without ever being provided proper medical evaluation or treatment for the severe injuries he suffered on or about June 21, 2008.

28.     Infirmary records show that on or about July 1, 2008 plaintiff was taken to the emergency room of St. Tammany Parish Hospital and was thereafter transferred to Oschner Hospital in Metairie, Louisiana to undergo surgery for a subdural hematoma that he had suffered from the severe blow sustained during the physical attack on or about June 21, 2009.

29.     Upon being transferred to Oschner Hospital, defendants abruptly released plaintiff from their custody, leaving plaintiff and his family to handle and arrange all medical care related to his injuries suffered during his incarceration while under the care, control, custody, and supervision of the defendants.  As such, if it was not necessary for plaintiff to be an inmate at that point, there was no reason for defendant to subject him to the conditions, treatment, or lack thereof up until that point.

30.     The extent and severity of plaintiff's injuries were so great that he was given "Last Rites" at St. Tammany Parish Hospital on the belief that he would not survive his stay in the hospital.

31.    Plaintiff was severely injured, incurred substantial medical bills and continues to endure pain and suffering from the physical attack, lack of evaluation, and inadequate medical attention during the course of his incarceration at St. Tammany Parish Jail.

COUNT ONE

*Defendants breached their duty of care through "deliberate indifference" toward a substantial risk to the plaintiff's health and safety.*

32.    The plaintiff re-alleges paragraphs 1 through 31 of this Complaint and further states that:

33.    The defendants acted with "deliberate indifference" toward a substantial risk to the plaintiff's health and safety.

34.    The defendants knew that housing violent offenders with non-violent offenders was dangerous and failed to take action to protect the plaintiff from harm. This failure to take appropriate action resulted in serious injury to plaintiff.

35.    Defendants, including St. Tammany Parish Department of Corrections officials, management, and employees violated plaintiff's constitutional rights and were reckless, without limiting other acts and behaviors, by breaching their duty of care to plaintiff, by: (a) failing to properly screen and segregate inmates known to have acted violently in the past; (b) failing to prepare incident reports or otherwise investigate physical attacks on plaintiff; (c) failing to provide sufficient staff at the unit where plaintiff was housed; (d) failing to develop and implement a classification system and corresponding housing plan for inmates at the St. Tammany Parish Jail; (e) failing to provide necessary and appropriate personnel for the safety, welfare and protection of the plaintiff; and (f) failure to

8

properly evaluate and provide prompt and adequate medical evaluation and medical care to plaintiff for his injuries.

## COUNT TWO

*Defendants breached their duty of care owed to plaint by the negligent failure to provide sufficient sufficient staff at the unit where plaintiff was housed, and failure to provide necessary and appropriate security measures.*

36.    Plaintiff re-alleges paragraphs 1 through 35 of this Complaint and further states that:

37.    The multiple attacks, severe physical trauma and other injuries inflicted on plaintiff by fellow inmates was caused by a failure of defendants to provide necessary and appropriate personnel for the safety, welfare and protection of plaintiff in violation of the laws of the Constitution and procedures governing the operation of the St. Tammany Parish Jail by defendants.

38.    Plaintiff reported being "bullied" and was treated for injuries after being physically attacked on June 14, 2008.  Plaintiff requested that he be provided protection from further attacks by other inmate, but inadequate precautions were taken, including the failure to prepare any incident report or investigation into why plaintiff had been attacked and whether additional protection was necessary, or at least no such report was provided in records produced by the St. Tammany Parish Sheriff's Office.

39.    Defendants, including St. Tammany Parish Department of Corrections officials, management, and employees violated plaintiff's constitutional rights and were reckless, without limiting other acts and behaviors, by breaching their duty of care to plaintiff, by: (a) failing to properly screen and segregate inmates known to have acted violently in the past; (b) failing to prepare incident reports or otherwise investigate physical attacks on plaintiff; (c) failing to provide sufficient staff at the unit where plaintiff was housed; (d) failing to

9

develop and implement a classification system and corresponding housing plan for inmates at the St. Tammany Parish Jail; (e) failing to provide necessary and appropriate personnel for the safety, welfare and protection of the plaintiff; and (f) failure to properly evaluate and provide prompt and adequate medical evaluation and medical care to plaintiff for his injuries.

40.  As a result of all of the above, plaintiff has suffered serious physical and emotional damages.

## COUNT THREE

*Defendants breached their duty of care owed to plaintiff through their deliberate indifferent and negligent failure to provide prompt and adequate medical evaluation and medical care of plaintiff's injuries.*

41.  Plaintiff re-alleges paragraphs 1 through 40 of this Complaint and further states:

42.  Defendants knew as of June 21, 2008 that plaintiff had sustained a severe blow to the head after being beaten by another inmate that resulted in serious injury.

43.  Despite aforesaid knowledge, defendants failed to provide prompt and adequate medical evaluation and medical care for the severe injuries sustained by plaintiff during the time he was under the care, control, and supervision of the defendants, all of which constitutes a continuing tort.

44.  Defendants, including St. Tammany Parish Department of Corrections officials, management, and employees violated plaintiff's constitutional rights and were reckless, without limiting other acts and behaviors, by breaching their duty of care to plaintiff, by: (a) failing to properly screen and segregate inmates known to have acted violently in the past; (b) failing to prepare incident reports or otherwise investigate physical attacks on plaintiff; (c) failing to provide sufficient staff at the unit where plaintiff was housed; (d) failing to develop and implement a classification system and corresponding

10

housing plan for inmates at the St. Tammany Parish Jail; (e) failing to provide necessary and appropriate personnel for the safety, welfare and protection of the plaintiff; and (f) failure to properly evaluate and provide prompt and adequate medical evaluation and medical care to plaintiff for his injuries.

## CLAIMS FOR RELIEF

45.    Plaintiff re-alleges paragraphs 1 through 45 and further states:

46.    Pursuant to 28 U.S.C. § 1983 and all applicable Louisiana law, including La.C.C. Art. 2315 *et seq.*, plaintiffs seeks recovery against defendants for the following:

| | | |
|---|---|---|
| a) | past physical pain and suffering | $250,000 |
| b) | future mental anguish | $100,000 |
| c) | future physical pain and suffering | $150,000 |
| d) | past medical expenses | to be determined |
| 5) | future medical expenses | to be determined |
| 6) | loss of earning capacity | to be determined |

47.    Plaintiff further seeks and is entitled to an award of punitive damages in the amount of $250,000, and attorney fees under 28 U.S.C. §§ 1983 and 1988.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Cyril J. Zara, Jr. prays for the following relief, jointly, severally, and *in solido*, against the defendants, Parish of St. Tammany and Sheriff Jack Strain, Jr. in his official capacity as Sheriff of Parish of Tammany and chief executive officer of St. Tammany Parish Jail:

11

1)    Compensatory damages in an amount reasonable in the premises, as
      outlined above;

2)    Punitive damages in an amount to conform with the latest dictates of
      the United States Supreme Court;

3)    Attorney's fees and costs, pursuant to 42 U.S.C. §§ 1983 and 1988;

4)    Interest from date of judicial demand until paid;

5)    An order declaring that defendants have acted in violation of the
      Constitution of the United States;

6)    Other such general and equitable relief as appears reasonable in the
      premises.


                              Respectfully submitted,

                              BOGGS, LOEHN & RODRIGUE


                        BY: _____
                              THOMAS E. LOEHN (#8663)
                              CHARLES K. CHAUVIN (#27403)
                              3616 S. I-10 Service Road W., Suite 109
                              Metairie, Louisiana 70001
                              Telephone (504) 828-1202
                              Telecopier (504) 828-1208
                              Bar Number 11372

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CYRIL J. ZARA, JR. | * | CIVIL ACTION NO. |
| *Complainant* | | |
| | * | |
| VERSUS | | SECTION: |
| | * | |
| JACK STRAIN, JR., SHERIFF OF | * | |
| PARISH OF ST. TAMMANY, THE | | |
| PARISH OF ST. TAMMANY, AND | | |
| THE ST. TAMMANY PARISH DEPT. | | |
| OF CORRECTIONS | * | MAGISTRATE: |
| | | |
| *Defendants* | * | |

## **VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

    **BEFORE ME,** the undersigned authority, came,

## **CYRIL J. ZARA, JR.**

who, after being duly sworn, did say that:

1.    He is the complainant in this matter;

2.    That he has read the Complaint herein;

3.    That all of the information contained in the foregoing Complaint is true and correct to the best of his personal knowledge, information and belief.

                              CYRIL J. ZARA, JR.

**SWORN TO AND SUBSCRIBE**
**BEFORE ME, NOTARY,**
**THIS** 12th **DAY OF JUNE, 2009.**

Thomas E. Loehn
NAME OF NOTARY/BAR # 8663